No. 765

EDWARDS v. McCLELLAN et al

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5244. Decided Oct. 6, 1924

For pending case in Supreme Court, see page 725.

921. PHYSICIANS—Physician was properly removed from practice under 1275 GC.

VICKERY, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Edwards graduated in medicine from Western Reserve University in 1902. He practiced medicine from that date until 1916. In this year he was convicted in the Federal Court on a charge of violating the postal lawst—the charge being based upon a letter written in 1914 to a Philadelphia chemical concern ordering some standard pure chemicals which the government charged were to be used to manufacture compounds which it claimed Edfards afterwards sold to customers labelled as foreign goods. The government claimed that this amounted to a fraudulent use of the mails and to a counterfeiting and imitating of foreign goods.

In 1919, while Edwards was serving his sentence, the Secretary of the State Medical Board filed charges with said Board under 1275 GC. The specific grounds relied upon in this instance were those of being "guilty of felony and gross immorality." No evidence of gross immorality was introduced or even suggested. The Board revoked his license upon conviction in 1916 of an action committed in 1914. He appealed to the Common Pleas Court and prosecuted error to the Court of Appeals. In sustaining the revocation, the Court of Appeals held:

1. Under 1275 GC. the accused was properly ejected from practicing medicine.

Attorneys—Crosser, Bishop & Blythin, for Edwards.

---

No. 766

HOLLINGSWORTH v. MUELLER et al

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5216. Decided Sept. 22, 1924

703. LANDLORD AND TENANT—Landlord's promise to repair premises gives him no right of control or occupation thereof.

VICKERY, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Action instituted in Cuyahoga Common Pleas to recover dameges resulting from defective condition of rented property. The trial court directed verdict for Mueller. Affirming the judgment below, the Cuyahoga Court of Appeals held:

1. Landlord's promise to repair premises rented gives landlord no control of property.

2. Promise to repair rented premises gives landlord no right of occupation.

Attorneys—C. E. Alden, Esq., for Hollingsworth; A. C. Knight, Esq., for Mueller.

---

No. 767

MADISON SQ. REALTY CO v. LICHTMAN

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5189. Decided Sept. 15, 1924

465. ERROR—Reviewing court will not reverse judgments of trial court if credible evidence tending to support judgment appear.

903. PAYMENT—Inadvertent payment of money by tenant for electric current used by landlord recoverable.

SULLIVAN, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Action was brought by Madison Sq. Realty Co. in Cleveland Municipal Court to recover rent from Lichtman. Lichtman answered and by way of cross-petition alleged that he by inadvertence paid the electric light bills of his landlord in the premises. It appeared that the electric light current used by the landlord passed the tenant's meter. Both parties recovered judgment, but the tenant's judgment was in excess of that of the landlord. Affirming the trial court, the Cuyahoga Court of Appeals held:

1. Reviewing courts will not reverse a judgment of trial court if there is credible evidence tending to support the judgment rendered, even though the reviewing court might have found differently.

2. Inadvertent payment of money by tenant for electric current used by landlord but running through tenant's meter is distinguished from that of voluntarily rendering service, which in inception no intention to charge therefor was manifest.

Attorneys—Snyder, Henry, Thomsen, Ford & Seagrave, for Madison Sq. Realty Co.; Schwartz & Lustig, for Lichtman; all of Cincinnati.